## UNITED STATES of America,

v.

### Ivan TORRES, Appellant.

No. 04–1548.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit L.A.R. 34.1(a) on July 11, 2005.

Decided Aug. 12, 2005.

Thomas R. Perricone, Office of United States Attorney, Philadelphia, PA, for Appellee.

Nicolas Velez, Bronx, NY, for Appellant.

Before ALITO and BECKER, Circuit Judges, and SHADUR, District Judge.*

OPINION OF THE COURT

PER CURIAM:

Due to Ivan Torres's substantial assistance in the investigation and prosecution of other criminals, the government filed a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to permit the District Court at sentencing to depart from the otherwise applicable sentencing guidelines range and the otherwise applicable mandatory minimum sentence of life imprisonment. On February 23, 2004, the District Court held a sentencing hearing. At the hearing the District Court granted the government's downward departure motion and sentenced Torres to 25 years of imprisonment. Torres filed a timely notice of appeal to this Court on March 1, 2004.

---

* Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

All the briefs in this case were drafted before January 2005, when the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In *Booker*, the Court held that "we must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to all cases on direct review." 125 S.Ct. at 769 (Breyer, J.). Having determined that the sentencing issues here are best determined by the District Court in the first instance, we vacate the sentence and remand for re-sentencing in accordance with *Booker*. *See generally United States v. Davis*, 407 F.3d 162 (3d Cir.2005).

■ Because we remand for re-sentencing, we need not address Torres's argument that the District Court's departure should have been greater. We note, however, that this Court has already held that it lacks jurisdiction to review the extent of a district court's downward departure. *See United States v. Khalil*, 132 F.3d 897, 898 (3d Cir.1997) ("[B]ecause 'we did not have jurisdiction to entertain an appeal when the district court refused to exercise its discretion to depart downward from the guidelines,' it surely follows that we could not possibly have jurisdiction to hear an appeal by a defendant where there has been some exercise of the court's discretion to depart downward.") (citing *United States v. Parker*, 902 F.2d 221, 222 (3d Cir.1990)).

Accordingly, we affirm Torres's judgment of conviction but vacate his sentence and remand for re-sentencing.